# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DRAGOMIR TASKOV,

    Petitioner,

vs.

JEFFERSON B. SESSIONS, et al.,

    Respondents.

Case No. 2:17-cv-01587-RFB-PAL

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed his petition for a writ of habeas corpus, and the court will dismiss it. See 28 U.S.C. § 2243.

    In United States v. Taskov, Case No. 2:10-cr-00217-RFB-PAL, petitioner was convicted of two counts of receipt of converted and fraudulently taken property and aiding and abetting, one count of interstate transportation of converted and fraudulently taken property and aiding and abetting, and one count of mail fraud and aiding and abetting. Petitioner currently is pursuing a motion attacking his sentence under 28 U.S.C. § 2255 in that action.

    Based upon documents attached to the petition, petitioner is a Canadian citizen of Bulgarian birth. The Department of Homeland Security has at least started, if not concluded, deportation proceedings at the Immigration Court in Dallas, Texas, because petitioner has been convicted of aggravated felonies under 8 U.S.C. § 1227(a)(2)(A)(iii) and because he overstayed his permission to be in the United States under 8 U.S.C. § 1227(a)(1)(B). ECF No. 1-2, at 52-55, 70-72.

    The current petition under 28 U.S.C. § 2241 appears to contain challenges to both the deportation proceedings and to the criminal case. Grounds 1 and 2 clearly are challenges to the

deportation proceedings, based upon petitioner's claim that he is a lawful permanent resident of the United States. Ground 3 is a claim that petitioner was subject to unreasonable search and seizure. Ground 4 is a claim of ineffective assistance of counsel. Grounds 3 and 4 also appear to be related to petitioner's deportation proceedings, because he argues that some of the documents seized, and to which he has no access, are relevant to his claim that he is a lawful permanent resident.

To the extent that petitioner is raising challenges to his criminal case, he cannot raise them in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A motion attacking his sentence pursuant to 28 U.S.C. § 2255 is the correct way to present those challenges, and petitioner currently is pursuing such a motion. See 28 U.S.C. § 2255(e).

To the extent that petitioner is raising challenges to his deportation proceedings, at the very least he has commenced this action in the wrong court. A habeas corpus petition must name as a respondent the person who has direct custody over petitioner, either the warden of the prison or other equivalent person, and it needs to be filed in the district where that custodian is located. When petitioner commenced this action, he was in custody in Cleburne, Texas, and he now is in custody in Okmulgee, Oklahoma. At no point during the pendency of this action was petitioner in custody within the District of Nevada. This court does not have jurisdiction over petitioner's custodian. The correct venue now for a habeas corpus petition, if at all, would be in the United States District Court for the Eastern District of Oklahoma.

Furthermore, no district court has jurisdiction to consider a habeas corpus petition. Petitioner invokes 8 U.S.C. § 1252(e)(2)(C). ECF No. 1-1, at 7. That statute provides:

(e) Judicial review of orders under [8 U.S.C. §] 1225(b)(1) . . .

(2) Habeas corpus proceedings

Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of--

(A) whether the petitioner is an alien,

(B) whether the petitioner was ordered removed under such section, and

(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not

having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

Section 1225(b)(1) concerns the inspection of an alien who is arriving in the United States and the expedited removal of that alien if the immigration officer determines that the alien is inadmissible for misrepresenting material facts or for lacking the correct documents. Based upon the documents attached to the petition, § 1225(b)(1) and the judicial-review provision of § 1252(e)(2)(C) is inapplicable to petitioner. Petitioner is subject to deportation because he has been convicted of aggravated felonies under 8 U.S.C. § 1227. ECF No. 1-2, at 54, 70. Judicial review of that determination is available, if at all, through a petition for review filed with the court of appeals, and not through a petition for a writ of habeas corpus. 8 U.S.C. § 1252(a)(1), (g).[1] Consequently, a transfer of this action to the Eastern District of Oklahoma would be futile. That court, like this court, lacks jurisdiction to consider petitioner's deportation-related claims.

To the extent that a certificate of appealability is necessary, reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

Petitioner's motion for evidentiary hearing (ECF No. 11) is moot because the court lacks jurisdiction.

IT IS THEREFORE ORDERED that the clerk of the court file the petition for a writ of habeas corpus and exhibits, currently at ECF No. 1-1 and 1-2.

IT IS FURTHER ORDERED that this action is **DISMISSED** for lack of jurisdiction. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

///
///
///

---

[1] No judicial review is available for the determination that petitioner is deportable because he has committed an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), but the court of appeals still has jurisdiction to review constitutional claims or questions of law, 8 U.S.C. § 1252(a)(2)(D).

IT IS FURTHER ORDERED that petitioner's motion for evidentiary hearing (ECF No. 11) is **DENIED** as moot.

DATED: January 9, 2018

_____
RICHARD F. BOULWARE, II
United States District Judge